THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PUGET SOUNDKEEPER ALLIANCE,<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC COAST COAL COMPANY,<br><br>Defendant. | CASE NO. C20-0306-JCC<br><br>CONSENT DECREE |

This matter comes before the Court on the parties' joint motion for entry of their proposed Consent Decree (Dkt. No. 24). The United States Department of Justice does not object to entry of the proposed Consent Decree, subject to comments memorialized in its August 16, 2021 letter. (*See* Dkt. No. 25.) The United States Environmental Protection Agency has made no timely objection.  Having thoroughly considered the joint motion and the relevant record, the Court hereby GRANTS the motion and ENTERS the following consent decree:

//
//
//
//
//

## I. STIPULATIONS

Plaintiff, Puget Soundkeeper Alliance ("Plaintiff" or "Soundkeeper") sent a 60-day notice of intent to sue letter to Defendant, Pacific Coast Coal Company ("Defendant" or "PCCC") on or about December 17, 2019 ("Notice Letter"). Soundkeeper then filed a complaint against PCCC on February 26, 2020 alleging violations of the Clean Water Act, 33 U.S.C. § 1365(a)(1) and (f)(1) (unpermitted discharge in violation of 33 U.S.C. § 1311(a)) or, in the alternative (f)(7) (violation of National Pollutant Discharge Elimination System ("NPDES") permit), relating to discharges of stormwater and mine dewatering from point sources at PCCC's facility in Black Diamond, Washington (the "Facility"), and seeking declaratory judgment, injunctive relief, civil penalties, and attorneys' fees and costs ("Complaint"). *See* ECF No. 1.

For the purpose of this Consent Decree ("Decree"), this Court has jurisdiction over Soundkeeper's claims against PCCC.

Soundkeeper and PCCC (the "Settling Parties") agree that the settlement is in the best interest of the Parties and that entry of this Decree is the most appropriate means of resolving this matter.

The Parties stipulate to the entry of this Decree without trial, adjudication, or admission of any issues of fact regarding the claims and allegations set forth in the Complaint or Notice Letter.

SMITH AND LOWNEY, PLLC

By: s/ Richard Smith
Richard Smith, WSBA # 21788
*Attorneys for Puget Soundkeeper Alliance*

TUPPER MACK WELLS PLLC

By: s/ Bradford Doll
Bradford Doll, WSBA No. 38479
*Attorneys for Pacific Coast Coal Company*

PUGET SOUNDKEEPER ALLIANCE

By: s/ Walter S. Tasliu
Authorized Representative

PACIFIC COAST COAL COMPANY

By: s/ David J. Morris
General Manager

CONSENT DECREE
C20-0306-JCC
PAGE - 2

## II. ORDER AND DECREE

THIS MATTER came before the Court upon the foregoing stipulations of the Parties, and the Court having considered the stipulations and terms and conditions set forth below, the Court HEREBY ORDERS, ADJUDGES, and DECREES the following:

1. This Court has jurisdiction over the parties and subject matter of this action for purposes of this Consent Decree.

2. The representative for each party certifies that he or she is fully authorized to enter into the terms and conditions set forth in this Consent Decree and to legally bind the party, and the party's successors in interest, and assigns to it.

3. This Consent Decree applies to and binds the Settling Parties and any of the Settling Parties' successors in interest and assigns who are not existing parties in this litigation.

4. This Consent Decree constitutes a full and complete settlement of the claims alleged in the Complaint in this case and all other claims, known and unknown, existing as of the date of entry of this Consent Decree, that Soundkeeper could have asserted against PCCC arising under the Clean Water Act, 33 U.S.C. §§ 1251–1387 with respect to the Facility.

5. This Consent Decree is a settlement of disputed facts and law. It is not an admission or adjudication regarding any allegations by Soundkeeper in this case or of any fact or conclusion of law related to those allegations. This Consent Decree shall not constitute evidence in any proceeding with respect to any allegation against PCCC, any fact or conclusion of law with respect to any matter alleged against PCCC, or admission or evidence of any wrongdoing or misconduct on the part of PCCC, its successors or assigns.

6. This Court shall retain jurisdiction for the purposes of issuing such further orders and directions as may be necessary and appropriate for the implementation of, enforcement of, compliance with, or disputes regarding this Consent Decree. A precondition to any application to the Court under this paragraph is that the Parties must first attempt to informally resolve the dispute through meetings between the Parties by serving written notice of request for resolution

to the Parties and their counsel of record. If no resolution is reached within ninety (90) days from the date that the notice of dispute is served, the Parties may resolve the dispute by filing motions with the Court.

7. The Parties recognize that no consent judgment can be entered in a Clean Water Act suit in which the United States is not a party prior to forty-five (45) days following the receipt of a copy of the proposed consent judgment by the U.S. Attorney General and the Administrator of the U.S. EPA pursuant to 33 U.S.C. § 1365(c)(3). Therefore, upon the signing of this Decree by the Parties, Plaintiff shall serve copies of it upon the Administrator of the U.S. EPA and the Attorney General, with a copy to Defendant. The Parties shall also mail a copy of this Decree at the same time to the Regional Administrator of Region 10 of the U.S. EPA pursuant to 40 C.F.R. § 135.5.

8. This Consent Decree shall take effect upon entry by the Court. It terminates in five years or when PCCC provides written notice of completion of reclamation as occasioned by the Office of Surface Mining Reclamation and Enforcement's ("OSMRE") approval of the initial Phase 1 Bond release to Soundkeeper to the addresses identified in paragraph 17 regarding communications and notifications below, whichever occurs first.

9. In consideration of PCCC's obligations under this Consent Decree, PSA covenants not to sue PCCC, its officers, members, successors, parents, or affiliates ("PCCC Parties"), or to support financially or otherwise any person to sue the PCCC Parties for exceeding the discharge limitations in Condition S1 of the Facility's NPDES permit fewer than two times in a year for parameters other than Phosphorus and two times a year for exceedances of the Phosphorus limit. The Plaintiff's release and covenant not to sue, limited to the claims described in this paragraph, will survive the termination of this Decree.

10. PCCC is currently in the process of reclamation. PCCC agrees not to recommence coal mining at its Facility located at or about 30700 Black Diamond-Ravensdale Road, Black Diamond, Washington 98010. PCCC's commitment not to recommence coal mining at this

facility will survive the termination of this Decree.

11.     Within fourteen (14) days of the effective date of this Decree, Pacific Coast Coal Co. shall pay the sum of FIVE THOUSAND DOLLARS ($5,000.00) to Mid Sound Fisheries Enhancement Group for a restoration project to improve water quality within the Soos Creek basin, which is downstream of Rock Creek and the discharge points for the John Henry Mine at described in Attachment A to this Consent Decree. Payment shall be made to the order of and delivered to Mid Sound Fisheries Enhancement Group. Payment shall include the following reference in a cover letter or the check: "Consent Decree, Puget Soundkeeper Alliance v. Pacific Coast Coal Co." PCCC shall provide a copy of the check and cover letter, if any, to Soundkeeper and its counsel at the addresses identified in paragraph 17 regarding "communications" below.

12.     Within fourteen (14) days of the effective date of this Decree, Defendant shall pay Plaintiff's attorney's fees, expert fees, and costs in the amount of SIXTY THOUSAND DOLLARS ($60,000.00) by check payable and mailed to Smith & Lowney, PLLC, 2317 East John St., Seattle, WA 98112, Attn: Richard Smith. Defendant's payment shall be in full and complete satisfaction of any claims that Plaintiff has or may have, either legal or equitable, and of any kind or nature whatsoever, for fees (including attorneys' and consultants' fees), expenses, and costs incurred in this matter. Smith & Lowney shall provide a sworn statement that Plaintiff's contemporaneous time records of fees and costs exceed $60,000.00.

13.     In the event that Defendant fails, during the term of this Consent Decree as provided in paragraph 8, to meet the terms and conditions of Condition S1 of its Permit WA00030830 (as modified Dec. 28, 2012), subject to paragraph 6 Defendant agrees to an additional one-time payment in lieu of penalty of TEN THOUSAND DOLLARS ($10,000.00) to Mid Sound Fisheries Enhancement Group. However, pursuant to paragraph 9, the payment identified in paragraph 13 shall not be triggered by or owed as a result of PCCC exceeding the discharge limitations in Condition S1 of the Facility's NPDES permit fewer than two times in a

year for parameters other than Phosphorus and two times a year for exceedances of the Phosphorus limit. Payment shall be made to the order of and delivered to Mid Sound Fisheries Enhancement Group. Payment shall include the following reference in a cover letter or the check: "Consent Decree, Puget Soundkeeper Alliance v. Pacific Coast Coal Co." Pacific Coast Coal Co. shall provide a copy of the check and cover letter, if any, to Soundkeeper and its counsel at the addresses identified in paragraph 18 regarding "communications" below. This provision shall not survive the expiration of this Decree.

14. This Consent Decree may be modified only upon the written consent of the Parties and the approval of the Court.

15. If for any reason the Court should decline to approve this Decree in the form presented, then this Consent Decree and the settlement embodied herein shall be voidable at the sole discretion of either party. The Parties agree to continue negotiations in good faith in an attempt to cure any objection raised by the Court to entry of this Consent Decree.

16. PCCC will provide copies of documents evidencing or OSMRE correspondence confirming termination or resolution of OSMRE NOV #s N20-141-545-001; documents evidencing or OSMRE correspondence confirming that PCCC has moved into Phase II of reclamation; documents evidencing or correspondence confirming that PCCC has moved into Phase III of reclamation; PCCC's application for release of the reclamation bond; all sample lab reports; discharge monitoring reports; modifications to NPDES permit coverage; and all other submissions to and communications with Ecology concerning its NPDES Permit and compliance efforts to Soundkeeper on a quarterly basis for the term of this Consent Decree, which term is defined in paragraph 8 above.

17. All communications between the parties shall be through legal counsel. Notifications or copies required by this Consent Decree to be made to Plaintiff shall be delivered electronically to:

    Katelyn Kinn

    katelyn@pugetsoundkeeper.org

Notifications or copies required by this Consent Decree to be made to Defendant shall be delivered electronically to:

    Bradford Doll

    doll@tmw-law.com

    18.    A notice or other communication regarding this Consent Decree shall be effective when received unless the notice or other communication is received after 5:00 p.m. on a business day or on a day that is not a business day, then the notice shall be deemed received at 9:00 a.m. on the next business day.

    DATED this 2nd day of September 2021.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE